Duer, J.
I. There is no weight in the first objection. The parties have the same right to appear by counsel on the execution of a commission as on the trial of a cause, and notice of their intention to do so is no more necessary to be given in the one case than in the other. Had there been an agreement that counsel should not attend, its breach might have laid a ground for this motion, but although the fact was suggested, the papers do not show that such an agreement was made.
The other objections that have been taken to the execution of this commission, I think have not been answered, and must prevail.
It was held by Mr. Justice Washington, (4 Wash. C. C. R., 324), that cross-interrogatories cannot be withdrawn unless by the consent of the adverse party. Walworth, Chancellor, (Brown v. Davis, 25 Wend., 259), although he distinguishes this case from that then before the court, approves the decision. My brethren whom I have consulted all agree with me, that these authorities ought to be followed. A commissioner is in a qualified sense an officer of the court; in the execution of his trust he is bound to follow the instructions that are given to him, and from this duty he can only be relieved by the mutual consent of the parties, or of their counsel, given on the execution of the commission, and certified on its return.
The observation that the omission to cross-examine a witness *271 can never work a prejudice to the party by whom the witness is called, when applied to the examination of a witness under a commission, is more specious than sound. It is not difficult to imagine cases in which the rights and interests of the party might be seriously affected by the omission. The direct interrogatories may not have been answered as explicitly and fully as they might and ought to have been. The answers to the cross-interrogatories might have supplied the defect, and these interrogatories may have been withdrawn in the belief that, if answered, such would be the consequence. It is at least possible, that such was the motive for withdrawing them in the case before me.
I am also of opinion that the answers of the plaintiff’s witnesses to several of the cross-interrogatories on the part of the defendant must be deemed insufficient, and ought not to have been received by the commissioner.
A witness upon a trial can never shield himself from a cross-examination by a mere reference to the answers which he had given when examined in chief. He is bound, when so required, to state again the facts to which he had testified. The veracity or recollection of a witness may well be tested, by requiring him to repeat, in all its details, a former narrative or statement, and it is a test which the adverse party has an undoubted right to apply. These rules it seems to me, apply with equal force to the cross-examination of a witness under a commission.
The motion for the re-execution of the commission is therefore granted, with ten dollars costs to the defendant, to abide the event.
When he had delivered his opinion in the above case, Mr. Justice Dner said that he was instructed by the court to state, for the information of the bar, that when a commission has been returned, and opened so that its contents might with reasonable diligence have been known to the parties before the trial of the cause, a motion for its suppression or re-execution on the ground of its irregular or defective execution, must be made at chambers, and would not be entertained by *272 the judge upon the trial. The objections on the trial would be limited to the competency of the witnesses or the admissibility of their testimony.