HENRY MARSHALL AND MOSES C. ROBERTS, RESPONDENTS, v. WATERTOWN STEAM ENGINE COMPANY, APPELLANT.

*Examination of witness on commission — answers to cross-interrogatories — by whom they may be read in evidence.*

Upon the trial of an action in which a witness has been examined on commission, the party at whose instance it was issued, may, after reading in evidence the direct-interrogatories and the answers thereto, read in evidence the cross-interrogatories and answers, even though the party by whom they were framed may object to his so doing.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial made on the judge's minutes.

*Lansing & Sherman*, for the appellant.

*Levi H. Brown*, for the respondents.

MULLIN, P. J. :

On the trial of this cause, the defendant read in evidence the answers of one Richardson to the direct-interrogatories put to him on behalf of the defendant, by whom the commission was issued to examine the witness who resided in Pennsylvania.

When the reading of the answers to the direct-interrogatories was finished, the plaintiff's counsel stated that he waived the reading of the cross-interrogatories and did not read them, nor the answers thereto.

Thereupon the defendant's counsel offered to read the answer to the second cross-interrogatory, and it was read.

The court then said to defendant's counsel that, the other side having waived the reading of the cross-examination, he did not think there was any rule which authorized him (the defendant's counsel) to read it.

The plaintiffs' counsel then objected to reading the second cross-interrogatory.

The court sustained the objection and defendant's counsel excepted.

The court intended by this ruling not only to hold that defendant's counsel had no right to read the answer to the cross-interrogatories, but to exclude the answer to the second cross-interrogatory that the defendant's counsel had read.

The answer thus excluded was material evidence for the defendant, and if the ruling of the court was erroneous, the defendant was prejudiced thereby.

The refusal of the court to allow the defendant's counsel to read in evidence the answer of the witness to the second cross-interrogatory was erroneous, and because of the error the judgment must be reversed and a new trial granted.

In the *Union Bank of Sandusky* v. *Torrey* (5 Duer, 626), the Superior Court of the city of New York held, following the decision of Justice WASHINGTON (4 Wash. C. C. R., 324), that cross-interrogatories cannot be withdrawn unless by consent of the adverse party. DUER, J., delivering the opinion of the court, says it is not difficult to imagine cases in which the rights and interests of the party might be seriously affected by the omission to put to the witness the cross-interrogatories annexed to the commission. The direct-interrogatories may not have been answered as explicitly and

fully as they might and ought to have been. The answers to the cross-interrogatories might have supplied the defect, and these interrogatories may have been withdrawn in the belief that if answered such would be the consequence.

In *Gellatly* v. *Lowery* (6 Bosw., 113) the same court held that if the answers, which the party taking the deposition declines to read, are relevant and competent, the other party may read them, or cause them to be read, and use them as evidence in his own favor.

The same rule must apply to the answers to cross-interrogatories, that is thus applied by the court to the answers to the direct-interrogatories.

In *Weber* v. *Kingsland* (8 Bosw., 415) the same court held that a deposition taken on commission issued at the instance of one party may be read in evidence by the other party at the trial, although the former refuse to read it.

The respondent's counsel endeavors to escape the effect of the erroneous ruling by saying that the answer to the second cross-interrogatory was not responsive to the question.

In this he is mistaken, the answer is as responsive as the answers of the great majority of witnesses to questions put to them. He was asked whether he remembered having an interview with Rawson, at defendant's office, on the 10th July, 1873, and instead of answering by yes or no, he said he had no interview with Rawson at the place named on the day mentioned, and he assigned as a reason why he did not, and could not have had such an interview, that he resigned his office on the eighteenth of June, and had no interview with Rawson at any time in July.

The answer was not only responsive, but was important evidence for the defendant. But the conclusive answer to the counsel's suggestion is, that the court did not put the exclusion of the evidence on the ground suggested.

A more singular ground for sustaining the ruling of the court is, that the whole deposition was taken by the jury, and they had before them the evidence excluded. I assume that the answers to the cross-interrogatories were taken by the jury. If so, then evidence excluded by the court was permitted to go to the jury, and to be considered by them, however fatal it might be to the defendant.

The defendant's counsel assented that the jury might take the

deposition, and he cannot complain of it; but he has the right to insist that he should not be held responsible for evidence that he was not permitted to discuss before the jury.

The conclusion at which we have arrived on the point under consideration renders it unnecessary to examine any of the other points discussed by the appellant's counsel.

The judgment must be reversed and a new trial ordered, costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment and order reversed and new trial granted, costs to abide event.